# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THO VAN HA,<br><br>                         Plaintiff,<br>   v.<br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                         Defendant. | CASE NO. 13-cv-1211-LAB-BLM<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS** |

Tho Van Ha filed this case on May 21, 2013. Now pending is his Motion to Proceed In Forma Pauperis ("IFP Motion").

**I.     IFP Motion.**

All parties who institute a civil action in a district court of the United States, except for habeas petitioners, must pay a filing fee of $350. *See* 28 U.S.C. § 1913(a). A party is excused from paying the fee, however, if the Court grants leave to proceed In Forma Pauperis pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). To proceed IFP, a plaintiff does not need to prove that he's absolutely destitute, but he does need to show that, because of his poverty, he cannot provide the filing fee and still provide his dependants with the necessities of life. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948).

//

Plaintiff has met this standard. Plaintiff has been unemployed since 1991. His wife earns $900 per month, so paying the fee would consume nearly 39 percent of his monthly household income. His wife's income pays for food, rent, and living expenses. His only valuable assets are a 23-year-old Honda Accord and $50 in the bank. Though Plaintiff does not support any children, the filing fee would consume a substantial portion of his household income, so that he and his wife would likely be unable to purchase the necessities of life. Ha's IFP Motion is, therefore, **GRANTED.**

## II.   Initial Screening

Under 28 U.S.C. § 1915(e), the Court must screen each civil action commenced pursuant to 28 U.S.C. § 1915(a) and dismiss if the Court finds it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 45 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an IFP complaint that fails to state a claim). The Court finds that Plaintiff's claim is neither frivolous nor malicious, nor does it seek monetary relief from an immune defendant. The Court now turns to the sufficiency of the complaint to withstand a motion to dismiss.

To survive a motion to dismiss, a complaint must contain facts that, taken as true, "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible if the facts alleged allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility means that, given the allegations in the complaint, it is more than a "sheer possibility that a defendant has acted unlawfully." *Id.* Further, in determining plausibility, the court should lean on its "experience and common sense" to assess the claim in its particular context. *Id.* at 663-64, *Twombly*, 550 U.S. at 556.

Plaintiff appeals to the Court from an administrative ruling denying him supplemental security income ("SSI") benefits. The complaint alleges generally that the plaintiff, a former

refugee[1], has been disabled since 2000 due to brain surgery, chronic leg and back pain, head pain, and severe mental illness, including depression and memory loss as symptoms of post-traumatic stress syndrome. The complaint provides the basis for the diagnosis, and states that the Administrative Law Judge ("ALJ") improperly disregarded the plaintiff's disabilities in denying SSI benefits. Plaintiff also claims the ALJ asked leading questions that affected the fairness of the hearing, and that the ALJ yelled at him and intimidated his then-attorney.

On the basis of these facts, the plaintiff alleges that: (1) the ALJ violated the applicable Ninth Circuit standard, the Social Security Act, 42 U.S.C. § 405(g), and the appropriate implementing regulations, 20 C.F.R. § 416.929 (1992), by not considering medical evidence of plaintiff's disability; (2) the ALJ violated the Commissioner's implementing regulations, 20 C.F.R. § 416.923, by not considering the cumulative impact of the plaintiff's impairments; (3) the ALJ did not give plaintiff a full and fair hearing, as required under the Social Security Act, 42 U.S.C. § 1381 et. seq., and the Commissioner's implementing regulations, 20 C.F.R. § 416.927 (1992), because the ALJ did not give Ha's treating physician's opinion sufficient weight; (4) the defendant did not provide a full and fair hearing, violating the plaintiff's Fifth Amendment due process rights; (5) the defendant did not provide a full and fair hearing, violating the Administrative Procedure Act, 5 U.S.C. § 706(2)(A); (6) the ALJ did not base her decision on substantial evidence, violating the Social Security Act, 42 U.S.C. § 1382c and 42 U.S.C. § 405(g); and (7) the purported interference with plaintiff's counsel violated the plaintiff's Fifth Amendment due process rights.

///
///
///
///
///

---

[1] The Court is uncertain of the plaintiff's background. The complaint states that the plaintiff "is a former refugee from Iraq," (Complaint, Doc. No. 1 at 2), while the plaintiff's name and other documents filed with this court indicate that the plaintiff is of Vietnamese ancestry, (Affidavit of Tho Van Ha, Doc. No. 1-1 at 4).

Accepting the pleaded facts as true, the Court finds that plaintiff states facts that plausibly entitle him to relief. Therefore, the Court finds that plaintiff may proceed IFP and that his pleadings survive the initial screening as required under 28 U.S.C. § 1915(e).

**IT IS SO ORDERED**.

DATED: June 3, 2013

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge