UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

THO VAN HA,

Plaintiff,

vs.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

Defendant.

CASE NO. 13cv1211-LAB (BLM)

**REPORT AND RECOMMENDATION FOR ORDER:**

**(1) GRANTING DEFENDANT'S MOTION FOR PARTIAL DISMISSAL;**

**(2) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE; AND**

**(3) DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT**

[ECF Nos. 8 and 15]

Plaintiff Tho Van Ha ("Plaintiff") brings this action for judicial review of the Social Security Commissioner's ("Defendant's") denial of his claim for Supplemental Security Income ("SSI"). ECF No. 1. Currently before the Court are Defendant's Motion for Partial Dismissal of Plaintiff's complaint and Plaintiff's Motion to Amend Complaint. ECF Nos. 8 & 15. Defendant argues that Plaintiff's seventh cause of action, which alleges that Defendant harassed Plaintiff's attorney and interfered with Plaintiff's relationship with his attorney, should be dismissed because such claim falls outside the review process under the Social Security Act. Id. Defendant also moves to strike portions of Plaintiff's complaint that are

not directly related to his request for judicial review of his Social Security Application. Id. Plaintiff seeks to file an amended complaint to cure the jurisdictional challenges raised by Defendant by adding a claim asserting a violation of the First Amendment. ECF Nos. 15 at 1-4; 15-1 at 10-11.

This Report and Recommendation is submitted to United States District Judge Larry A. Burns pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 72.1(c) of the United States District Court for the Southern District of California. For the reasons set forth below, this Court **RECOMMENDS** that Defendant's Motion for Partial Dismissal and to Strike be **GRANTED** and that Plaintiff's Motion to Amend his Complaint be **DENIED**.

## PROCEDURAL BACKGROUND

According to Plaintiff's complaint, on December 12, 2011, Administrative Law Judge ("ALJ") Eve Godfrey denied Plaintiff's claim for SSI benefits. ECF No. 1 at 3. Although Plaintiff was represented by attorney John Martin during his administrative hearing, Mr. Martin withdrew from Plaintiff's case shortly after ALJ Godfrey denied Plaintiff's claim. ECF Nos. 1 at 4, 1-1 & 1-2. Plaintiff subsequently retained attorney Alexandra Manbeck to appeal the denial of his claim and file the instant lawsuit. ECF Nos. 1 at 4, 1-1 at ¶ 4.

On March 12, 2013, the Social Security Administration ("SSA") notified Ms. Manbeck that it was investigating possible rules violations involving Ms. Manbeck's fee arrangements with several claimants before the SSA, including Plaintiff. ECF Nos. 1 at 4, 1-3.

On May 13, 2013, Plaintiff filed the instant lawsuit against Defendant. ECF No. 1. In the first six causes of action, Plaintiff asserts various ways in which the ALJ allegedly erred in denying Plaintiff's claim for social security benefits. Id. at 1-8. In the seventh cause of action ("Claim Seven"), Plaintiff asserts a due process violation on the grounds that Defendant "harassed plaintiff's attorney to prevent plaintiff from filing this action" and "interfered with plaintiff's relationship with his attorney." Id. at 9. In his prayer for relief, Plaintiff seeks a variety of remedies, including a preliminary injunction ordering Defendant to "refrain immediately from harassing plaintiff's attorney and interfering with plaintiff's relationship with his attorney" and a permanent injunction "perpetually enjoining and

restraining defendant from harassing plaintiff's attorney in order to prevent plaintiff from appealing this case in district court." Id. at 9.

On July 10, 2013, the Social Security Administration ("SSA") filed a Notice of Intent to Sanction Ms. Manbeck alleging, *inter alia*, that Ms. Manbeck's fee agreements violated the applicable rules of conduct.[1]  ECF No. 14-5.

On August 9, 2013, Defendant filed the instant motion to dismiss Claim Seven and to strike portions of the complaint that are unrelated to Plaintiff's request for judicial review of his claim for social security benefits.  ECF No. 8.  On August 28, 2013, Plaintiff filed an opposition to Defendant's motion.  ECF No. 14.  Defendant filed a reply and a Notice of Related Cases on October 21, 2013.  ECF No. 21.  In the Notice of Related Cases, Defendant indicates that Plaintiff is a named party in Truyen Gia Phan, et al. v. Colvin, 13cv2036-WQH (NLS), a class action suit challenging Defendant's investigation of Ms. Manbeck and the possible imposition of sanctions against her.  Id. at 2.

On August 30, 2013, Plaintiff filed a motion for leave to file an amended complaint in which Plaintiff asserts an eighth claim ("Claim Eight").  ECF No. 15.  Plaintiff argues that the new claim remedies the jurisdictional deficiencies alleged by Defendant.  Id.  Plaintiff's proposed Claim Eight alleges in relevant part:

> The defendant selectively prosecuted plaintiff's attorney to prevent plaintiff from filing this action and to deny plaintiff access to judicial and administrative proceedings in violation of plaintiff's rights as guaranteed by the First Amendment to the United States Constitution.
>
> The defendant interferes with plaintiff's relationship with his attorney and prevents plaintiff from having access to legal information in violation of plaintiff's First Amendment rights, especially since defendant is the judge, prosecutor and jury in proceedings against plaintiff's attorney, since former government attorney Mary Mitchell has provided sworn testimony about the corruption and the compromised justice administered by the defendant's ALJs for the past twenty years, and since the defendant's sanctioning and final verdict against plaintiff's attorney is not subject to judicial review.

ECF No. 15-1 at 10-11.

---

[1] Plaintiff attached six pages of this document to his opposition.  ECF No. 14-5.  The six pages do not contain the date the notice was filed.  Ms. Manbeck filed what appears to be the same document (ECF No. 1-2) in Viet Hoang Duong v. Carolyn Colvin, 13cv2705-WQH (NLS).  That document indicates that the SSA filed its Notice of Intent to Sanction against Ms. Manbeck on July 10, 2013.

Defendant argues that Plaintiff's request for leave to amend should be denied for the same reasons set forth in the motion to dismiss. ECF No. 21 at 10.

## LEGAL STANDARD

### A. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge a federal court's jurisdiction over the subject matter of the complaint. See Fed. R. Civ. P. 12(b)(1). The party invoking the jurisdiction of the federal court bears the burden of establishing that the Court has the requisite subject matter jurisdiction to grant the relief requested. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994) (citation omitted). A complaint will be dismissed if, looking at the complaint as a whole, it appears to lack federal jurisdiction either "facially" or "factually." Thornhill Pub. Co., Inc. v. General Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979). When the complaint is challenged for lack of subject matter jurisdiction on its face, all material allegations in the complaint will be taken as true and construed in light most favorable to the plaintiff. NL Indus. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). In deciding a Rule 12(b)(1) motion which mounts a factual attack on jurisdiction, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist." Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).

### B. Rule 12(b)(6)

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief ..." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' [or]

'naked assertion[s]' devoid of 'further factual enhancement' will not suffice. Id. (citations omitted). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the plaintiff's claims. See Fed. R. Civ. P. 12(b)(6). The issue is not whether the plaintiff ultimately will prevail, but whether he has properly stated a claim upon which relief could be granted. Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003). In order to survive a motion to dismiss, a Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 556 U.S. 678 (quoting Twombly, 550 U.S. at 570). If the facts alleged in the complaint are "merely consistent with" the defendant's liability, the plaintiff has not satisfied the plausibility standard. Id. (quoting Twombly, 550 U.S. at 557). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556).

**C.    Rule 12(f)**

Federal Rule of Civil Procedure 12(f) provides that a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." See Fed. R. Civ. P. 12(f). The purpose of a motion to strike is to avoid the unnecessary expenditures that arise through litigating spurious issues by dispensing with them before trial. Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010) (citation omitted). Motions to strike are generally disfavored and are "usually denied unless the allegations in the pleading have no possible relation to the controversy, and may cause prejudice to one of the parties." Travelers Cas. & Sur. Co. of Am. v. Dunmore, 2010 WL 5200940, *3 (E.D. Cal. Dec. 15, 2010).

**D.    Rule 15**

Leave to amend a complaint should be "freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). "'[T]he grant or denial of an opportunity to amend is within the discretion of the District Court,' and denial of leave to amend is appropriate if the amendment would be futile." California v. Neville Chem. Co., 358 F.3d 661, 673 (9th Cir. 2004) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). The following four factors are

commonly considering in deciding whether leave to amend should be granted: (1) undue delay; (2) prejudice to the opposing party; (3) bad faith or dilatory motive; and (4) futility of amendment. Ditto v. McCurdy, 510 F.3d 1070, 1079 (9th Cir. 2007) (citation omitted).

## DISCUSSION

### A. Motion to Dismiss

Defendant moves to dismiss Claim Seven for lack of jurisdiction pursuant to Rule 12(b)(1) and for failing to state a claim pursuant to Rule 12(b)(6). ECF No. 8. Defendant also moves to strike portions of the complaint that are immaterial to Plaintiff's request for judicial review of his Social Security application pursuant to Rule 12(f). Id. In support, Defendant argues that Claim Seven is unrelated to the final decision of the Commissioner, and is therefore barred from review under 42 U.S.C. § 405(g). Id. at 13-14. In addition, Defendant contends that Plaintiff lacks standing to bring Claim Seven because he does not allege a personal injury. Id. at 17. Defendant further argues that Plaintiff also lacks third party standing on behalf of Ms. Manbeck because Plaintiff "cannot show that he has a close relationship with [Ms. Manbeck] with respect to disciplinary actions" and because "there is no reason to find that [Ms. Manbeck] would be unable to assert her own interests" before the Commissioner. Id. at 18.

In his opposition, Plaintiff contends that Claim Seven "presents a constitutional claim that the SSA's sanctions against plaintiff's attorney based on plaintiff's own actions would result in the denial of a full and fair hearing for plaintiff." ECF No. 14 at 5. Plaintiff argues that his constitutional claim is not barred by Section 405. Id.

Section 405(g) of Title 42 of the United States Code provides that "[a]ny individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action ..." Section 405(h) provides in part that "[n]o action against the United States, the Secretary, or any officer or employee thereof shall be brought under (section 1331 et seq.) of Title 28 to recover on any claim arising under (Titled II of the Social Security Act)." Weinberger v. Salfi, 422 U.S. 749, 756 (1975). Plaintiff's complaint clearly states that it is an

action to "obtain judicial review of a final decision by the defendant, the Commissioner of Social Security, denying the plaintiff's claim for Supplemental Security Income." ECF No. 1 at 1. As such, Plaintiff may challenge both constitutional and non-constitutional claims, but the claims must relate to the Commissioner's final decision. See Salfi, 422 U.S. at 762 (Section 405(h) does "not preclude constitutional challenges [but they must] "be brought under jurisdictional grants contained in the Act, and thus in conformity with the same standards which are applicable to nonconstitutional claims arising under the Act.").

Although Plaintiff argues that the Court may exercise both subject matter jurisdiction and mandamus jurisdiction over Claim Seven (ECF No. 14 at 7), the cases cited by Plaintiff in support of his argument are inapposite. For example, Plaintiff cites Mathews v. Eldridge, 424 U.S. 319, 330-32 (1976) and Bowen v. City of New York, 476 U.S. 467, 483 (1986) for the proposition that a district court may exercise subject matter and/or mandamus jurisdiction over a claimant's constitutional claims after final review under Section 405(g). ECF No. 14 at 7. However, these cases involve challenges to procedural issues arising from a final decision of the Commissioner. Specifically, in Eldridge, after the claimant was notified that his social security benefits would be terminated, he brought suit challenging the Commissioner's termination procedures on the grounds that due process required a pre-termination hearing. 424 U.S. at 330. Similarly, in Bowen, a class of aggrieved claimants brought suit challenging an internal policy of the Health and Human Services that resulted in the denial of the claimants' social security benefits. 476 U.S. at 483. Plaintiff's reliance on Pronti v. Barnhart, 339 F.Supp.2d 480 (W.D.N.Y. 2004) and Small v. Sullivan, 820 F.Supp. 1098 (S.D. Ill. 1992) is equally unpersuasive. In Pronti, the district court found that "[f]ederal courts have exercised mandamus jurisdiction pursuant to 28 U.S.C. § 1361 over Social Security claims in certain circumstances where constitutional claims *regarding procedures employed* in administering Social Security benefits were collateral to the claim for benefits." (citing Eldridge, 424 U.S. at 330-332) (emphasis added). In Small, plaintiffs filed a class action complaint seeking declaratory relief that the ALJ was biased against disabled individuals and deprived them of a fair hearing. 820 F.Supp at 1103. In that case, the

district court assumed subject matter jurisdiction over the plaintiffs' constitutional claim "to the extent it bears upon the fairness of a hearing." Id. at 1107. Hence, the constitutional claims in all of these cases challenged conduct that occurred *at* a hearing, or procedures that affected the final outcome of a hearing under Section 405(g).

Here, the allegations asserted in Claims One through Six challenge the validity of the Commissioner's determination that Plaintiff is not entitled to Social Security benefits. On the other hand, the allegations asserted in Claim Seven and in proposed Claim Eight challenge conduct occurring after the Commissioner entered the final decision at issue in this Social Security appeal. Specifically, Plaintiff challenges the Commissioner's actions against Plaintiff's current attorney, who was not hired until after the Commissioner's denial became final, and alleges harm on the basis that the Commissioner's conduct prevented Plaintiff from filing the instant federal case, will deny Plaintiff access to future judicial and administrative proceedings, and will interfere with Plaintiff's relationship with his attorney. Because Claims Seven and Eight are based upon conduct that allegedly occurred (or will occur) after the final decision at issue in this appeal, the Court does not have jurisdiction to consider them as part of this Social Security appeal. In addition, the alleged harm in both Claims is speculative (what may happen in the future) or inaccurate (Plaintiff was not prevented from filing the instant lawsuit). Finally, it does not appear that the allegations set forth in Claims Seven and Eight were presented to the Commissioner so there is no final decision to appeal. See Hudgins v. Astrue, 2012 WL 2952245, *4 (C.D. Cal. June 5, 2012) ("A final decision has two elements: (1) presentment of the claim to the Commissioner, and (2) complete exhaustion of administrative remedies."); Salfi, 422 U.S. at 764 (finding no jurisdiction as to class members who had not presented a claim to the Secretary and for whom the Secretary had not rendered a final decision). Accordingly, this Court does not have jurisdiction to consider the allegations set forth in Claim Seven and proposed Claim Eight.

Even if Section 405 authorized such claims, Plaintiff does not have standing. To establish standing, a plaintiff must (1) demonstrate an injury in fact, which is concrete, distinct and palpable, and actual or imminent; (2) establish a causal connection between

injury and the conduct complained of; and (3) show a substantial likelihood that the requested relief will remedy the alleged injury in fact. McConnell v. Fed. Election Com'n, 540 U.S. 93 (2003). Plaintiff argues that "[t]he injury-in-fact in this case is plaintiff's inability to appeal his denial of benefits" and that "[Defendant] is sanctioning plaintiff's attorney under false pretexts and causing actual harm to plaintiff." ECF No. 14 at 10-12. Plaintiff explains that he has a right to counsel and that Defendant's conduct may cause him to be unable to utilize current counsel and he might be unable to obtain future counsel, both of which would negatively impact his rights and his ability to obtain benefits. ECF No. 14-1 at 9-24. However, as discussed above, the fact that the instant lawsuit is pending belies Plaintiff's argument that he was "prevented" from filing this lawsuit. Furthermore, Plaintiff's contention that Defendant is "sanctioning" his attorney is, at this point, speculative. As evidenced by the supporting exhibits filed by Plaintiff, Defendant has yet to impose any sanctions against Ms. Manbeck. In addition, even if sanctions *had been* imposed, the Social Security Act does not provide that the Commissioner may prevent an attorney from appearing in federal court. Rather, the Act only provides that the Commissioner may disqualify an attorney from representing claimants before the Social Security Administration. See 42 U.S.C. § 406(a)(1). Whether or not that will happen is speculative at this time.

Notwithstanding Plaintiff's lack of standing, this Court's adjudication of Claims Seven and Eight would be duplicative since Plaintiff is a named class member in Truyen Gia Phan v. Carolyn W. Colvin, 13cv2036-WQH (NLS), which seeks similar relief to that sought by Plaintiff in this case in Claim Seven and proposed Claim Eight.[2] Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court against the same defendant. Adams v. California Dept. of Health Services, 487 F.3d 684, 688 (9th Cir. 2007) (citation omitted). The test for whether a lawsuit is duplicative is the same test for claim preclusion. Id. at 689. That is, a court must determine

[2] In Truyen Gia Phan v. Carolyn W. Colvin, 13cv2036-WQH (NLS), the plaintiffs seek both preliminary and permanent injunctions "preventing the government from relying on the suspension provision to violate plaintiffs' right of association, and to deprive plaintiffs of legal representation and of access to the courts." Complaint at ¶ 6.

"whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." Id. (citation omitted).

Here, the pending Phan class action includes Tho Van Ha as a named plaintiff and identifies Carolyn W. Colvin, Acting Commissioner of Social Security, Social Security Administration, as the only defendant so the same parties are involved in both cases. 13cv2036, Complaint. The class action challenges Defendant's initiation of "suspension provisions" against Ms. Manbeck, allegedly in retaliation for filing a bias charge against ALJ Godfrey. Id. at ¶4, 39. Plaintiffs allege that Defendant's conduct deprives plaintiffs of their "First Amendment right of association, their First Amendment right to receive legal information and to legal representation, and of their Fifth Amendment right to Due Process." Id. at ¶4, 40-41, 70-72. The class action suit seeks determinations that the suspension provision violates the Constitution and federal statutes and preliminary and permanent injunctions "preventing the government from relying on the suspension provision to violate plaintiffs' right of association, and to deprive plaintiffs of legal representation and of access to the courts." Id. at ¶ 6, Prayer for Relief ¶¶ 1-6. As such, the class action plaintiffs assert the same claims and seek the same relief as asserted and sought by Plaintiff in Claim Seven and proposed Claim Eight in this case. Consequently, this Court's adjudication of Claim Seven and proposed Claim Eight would be duplicative. The Court therefore **RECOMMENDS** that Claim Seven be **DISMISSED**.

**B. Motion to Strike**

Defendant seeks to have portions of paragraphs 9-12 stricken from the complaint on the grounds that they are immaterial and impertinent. ECF No. 8-1 at 20-21. While the sentences or portions of sentences identified by Defendant contain statements that may be irrelevant to this Court's determination of the validity of the Commissioner's decision to deny benefits to Plaintiff, the Court does not find that the statements "have no possible relation to the controversy, and may cause prejudice to one of the parties." Dunmore, 2010 WL 5200940, *3. Defendant also seeks to strike the prayers for relief associated with the allegations set forth in Claim Seven. ECF Nos. 8-1 at 20-21; 21 at 9-10. Because the Court

recommends that Claim Seven be dismissed, the Court also recommends that the remedies associated with that claim be dismissed.[3] Accordingly, the Court **RECOMMENDS** that Defendant's motion to strike portions of paragraphs 9-12 be **DENIED** and Defendant's motion to strike Plaintiff's requests for injunctive and declarative relief be **GRANTED**.

### C. Motion to Amend

Plaintiff moves to amend the complaint to add an eighth cause of action for violations of Plaintiff's First Amendment rights. ECF No. 15. Plaintiff argues that this cause of action rectifies the alleged deficiencies identified by Defendant in her motion to dismiss. Id. Defendant opposes this motion, arguing that it suffers from the same deficiencies identified as to Claim Seven. ECF No. 21.

Although Rule 15(a)(2) provides that leave to amend a complaint should be "freely given when justice so requires," denial of leave to amend is appropriate when such amendment would be futile. Neville Chem. Co., 358 F.3d at 673. Here, the proposed amendment would be futile. For the reasons set forth above, this Court does not have jurisdiction as part of this social security appeal to hear the allegations asserted in proposed Claim Eight. In addition, proposed Claim Eight is duplicative of the allegations set forth in the class action litigation, Phan v. Colvin, 13cv2036-WQH (NLS). Accordingly, the Court **RECOMMENDS** that Plaintiff's motion for leave to file an amended complaint be **DENIED**.

## CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Defendant's Motion for Partial Dismissal be **GRANTED**, Defendant's Motion to Strike be **GRANTED IN PART PART AND DENIED IN PART**, and Plaintiff's Motion for Leave to File a First Amended Complaint be **DENIED**.

**IT IS HEREBY ORDERED** that any written objections to this Report and Recommendation must be filed with the Court and served on all parties **no later than**

[3] The numbering of the prayer requests are confusing. Plaintiff's complaint seeks injunctive and declarative relief in paragraphs on page 9 numbered 2, 4, and 5. ECF No. 1 at 9. On pages 10-11, Plaintiff lists specific remedies associated with either a reversal or remand of the Commissioner's decision. Id. at 10-11. These remedy requests are numbered 2-6. Id. The Court is recommending that the injunctive and declarative requests set forth on page 9 be dismissed but that the other remedies not be dismissed.

**February 28, 2014.** The document should be captioned "Objections to Report and Recommendation." Any response to the Objections must be filed and served on all parties no later than **March 14, 2014**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED.**

DATED: February 12, 2014

BARBARA L. MAJOR
United States Magistrate Judge