1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **SOUTHERN DISTRICT OF CALIFORNIA**

10

11    THO VAN HA,                               CASE NO. 13-cv-1211-LAB-BLM

12                          Plaintiff,     **ORDER ADOPTING REPORT**
                                              **AND RECOMMENDATION**

13      v.

14    CAROLYN W. COLVIN, Acting
   Commissioner of Social Security,

15                          Defendant.

16

17        Ha filed this case to challenge the denial of his claim for social security benefits by an

18 administrative law judge.  As with most challenges, Ha alleges that the ALJ was wrong to

19 conclude that he's not disabled and is in fact capable of gainful work.  But he also alleges

20 that the Social Security Administration harassed his lawyer, Alexandra Manbeck, and

21 impersonated Ha, and he seeks an injunction from the Court ordering that alleged conduct

22 to stop.  Now before the Court is the Commissioner's motion to dismiss and strike those

23 additional allegations, which would reduce this case to the typical review of an unfavorable

24 benefits decision.

25 **I.    Factual and Legal Background**

26        An ALJ denied Ha's claim for benefits in December, 2011.  He had been represented

27 by lawyer John Martin, but after the denial Martin withdrew.  In a letter dated December 26,

28 2011, Martin said, "After carefully reviewing your case, I do not feel that I can be of any help

1  in appealing the ALJ's decision. Therefore, I am withdrawing as your attorney and will

2  proceed no further on your claim." (Compl., Ex. A.)  According to Ha, however, Martin

3  withdrew because the ALJ intimidated him, and he was simply too afraid of the ALJ to

4  appeal. (Compl. ¶ 9.)  Manbeck subsequently agreed to take Ha's case and represent him

5  going forward.  She filed a request for review with the Appeals Council in January, 2012 and

6  supplemented that request in July, 2012.  It was denied on March 19, 2013, making the

7  ALJ's decision the final decision of the Commissioner and subject to this Court's review. *See*

8  *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 521 (9th Cir. 2014).

9       Just one week before the request for review was denied, on March 12, 2013,

10 Manbeck received a letter from the Regional Chief Counsel of the Social Security

11 Administration alleging various violations of the "Rules of Conduct and Standards of

12 Responsibility for Representatives."  (Compl. Ex. B.)  There appear to be three separate

13 violations alleged in the letter, some more serious than others: (1) Manbeck failed to request

14 direct payment of fees from the SSA electronically; (2) Manbeck charged her clients

15 fees—Ha among them—that aren't authorized by the SSA; and (3) Manbeck made a false

16 statement to an ALJ.  (This letter was followed by a "Notice of Intent to Sanction" on July 10,

17 2013.  (Doc. No. 14-5.).)

18      Ha has a very different take on the March 12 letter, alleging that "in March 2013 . . .

19 the SSA waged a campaign of harassment against Plaintiff's attorney Alexandra Manbeck

20 to prevent plaintiff from appealing and impersonated plaintiff."  (Compl. ¶ 11.)   The

21 harassment charge, even if baseless, is at least intelligible. The impersonation charge is not.

22 It seems Ha is alleging that by questioning his fee arrangement with Manbeck in the March

23 12 letter—that is, by simply *naming him*—the SSA's Regional Chief Counsel was somehow

24 impersonating Ha.  (Ha Aff. ¶¶ 23–24.)

25      In any event, Ha asserts seven claims against the Commissioner.  The first six relate

26 to the denial of Ha's claim for benefits and aren't the target of the Commissioner's motion

27 to dismiss.  It's the seventh claim that is.  That claim, titled "Due Process," alleges that the

28 Commissioner "harassed plaintiff's attorney to prevent plaintiff from filing this action in

1  violation of plaintiff's due process rights as guaranteed by the Fifth Amendment to the United

2  States Constitution." (Compl. ¶ 31.)  It also alleges that the Commissioner "interfered with

3  plaintiff's relationship with his attorney in violation of plaintiff's due process rights." (Compl.

4  ¶ 32.)  Related to these allegations, Ha seeks a *preliminary* injunction that orders the

5  Commissioner "to refrain immediately from harassing plaintiff's attorney and interfering with

6  plaintiff's relationship with his attorney," as well as a *permanent* injunction "perpetually

7  enjoining and restraining defendant from harassing plaintiff's attorney in order to prevent

8  plaintiff from appealing this case in district court." (Compl., Prayer ¶¶ 2, 4.)

9         Ha has also requested leave to amend his complaint to add an eighth claim, which

10  is similar to his seventh and appears intended to compensate for some of the alleged

11  deficiencies of the seventh claim that the Commissioner highlights.  That eighth claim,

12  grounded in the First Amendment, alleges that the Commissioner "selectively prosecuted

13  plaintiff's attorney to prevent plaintiff from filing this action and to deny plaintiff access to

14  judicial and administrative proceedings." (Doc. No. 15-1 at 35.)  It alleges, more boldly, the

15  following:

16              The defendant interferes with plaintiff's relationship with his
            attorney and prevents plaintiff from having access to legal
17          information in violation of plaintiff's First Amendment rights,
            especially since defendant is the judge, prosecutor and jury in
18          proceedings against plaintiff's attorney, since former government
            attorney Mary Mitchell has provided sworn testimony about the
19          corruption and the compromised justice administered by the
            defendant's ALJs for the past twenty years, and since the
20          defendant's sanctioning and final verdict against plaintiff's
            attorney is not subject to judicial review.  (Doc. No. 15-1 at 36.)
21

22  The amended complaint also adds to the requested *permanent* injunction that the

23  Commissioner be enjoined "from prosecuting plaintiff's attorney based on manufactured

24  evidence in flawed and irretrievably compromised proceedings not subject to judicial review."

25  (Doc. No. 15-1, Prayer ¶ 3.)

**II.     Standard of Review**

26

27         The Commissioner's motion to dismiss Ha's seventh (and eighth) claim, and to strike

28  the related factual allegations, was referred to Magistrate Judge Major for a Report and

Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  Judge Major issued her R&R on

1   February 12, 2014, and it mostly takes the Commissioner's side.  She recommends that the

2   Court grant the Commissioner's motion to dismiss, grant in part and deny in part the

3   Commissioner's motion to strike, and deny Ha's motion for leave to file a first amended

4   complaint.  The R&R is now fully briefed.  Ha has filed an objection, and the Commissioner

5   has filed a response.  (Doc. Nos. 25, 26.)

6           The Court reviews an R&R on dispositive motions pursuant to Fed. R. Civ. P. 72(b)(3):

7   "The district judge must determine de novo any part of the magistrate judge's disposition that

8   has been properly objected to.  The district judge may accept, reject, or modify the

9   recommended disposition; receive further evidence; or return the matter to the magistrate

10  judge with instructions."

11  **III.    Discussion**

12          The R&R endorses a number of arguments for the dismissal of Ha's seventh claim,

13  which the Court will address in sequence.

14          **A.      Relation to Denial of Benefits**

15          This case is a challenge to the Commissioner's denial of social security benefits to

16  Ha, brought under 42 U.S.C. § 405(g).  (*See* Compl. at 1.)  That provision allows that "[a]ny

17  individual, after any final decision of the Commissioner of Social Security made after a

18  hearing to which he was a party . . . may obtain a review of such decision by a civil action."

19  The Commissioner argues that Ha's seventh claim is completely unrelated to the denial of

20  benefits, and therefore can't be encompassed by this Court's review.  The R&R agrees:

21                      Here, the allegations asserted in Claims One through Six
                        challenge the validity of the Commissioner's determination that
22                      Plaintiff is not entitled to Social Security benefits.  On the other
                        hand, the allegations asserted in Claim Seven and in proposed
23                      Claim Eight challenge conduct occurring after the Commissioner
                        entered the final decision at issue in this Social Security appeal.
24                      Specifically, Plaintiff challenges the Commissioner's actions
                        against Plaintiff's current attorney, who was not hired until after
25                      the Commissioner's denial became final, and alleges harm on
                        the basis that the Commissioner's conduct prevented Plaintiff
26                      from filing the instant federal case, will deny Plaintiff access to
                        future judicial and administrative proceedings, and will interfere
27                      with Plaintiff's relationship with his attorney.  (R&R at 8.)

28  Central to this conclusion is a distinction between constitutional claims *related* to the

1   Commissioner's denial of benefits, which may be asserted alongside claims challenging the

2   denial, and constitutional claims *un*related to the Commissioner's denial, which can't be

3   asserted here.  For this distinction, the R&R relies on *Weinberger v. Salfi*, 422 U.S. 749, 762

4   (1975).  Indeed, the R&R surveys the cases Ha relies on and differentiates them because

5   "the constitutional claims in all of these cases challenged court conduct that occurred *at a*

6   hearing, or procedures that affected the final outcome of a hearing under Section 405(g)."

7   (R&R at 8.)

8           Ha's response to this is that his constitutional claims actually are related to the

9   Commissioner's denial of benefits because he was represented by Manbeck *before* the

10  ALJ's denial of benefits became the final decision of the Commissioner.  He takes issue with

11  the R&R's statement that "Plaintiff challenges the Commissioner's actions against Plaintiff's

12  current attorney, who was not hired until after the Commissioner's denial became final."  Fair

13  enough.  The ALJ denied Ha's claim for benefits in December, 2011, his lawyer John Martin

14  refused to carry on and Manbeck stepped in, and it wasn't until March, 2013 that the Appeals

15  Council denied a request for review that Manbeck had filed on Ha's behalf, then making the

16  ALJ's decision the final decision of the Commissioner.  So yes, technically Ha retained

17  Manbeck before, not after, the ALJ's decision became the final decision of the

18  Commissioner.

19          But this is a minor point.  The fact is that it's the SSA's allegations of professional

20  misconduct against Manbeck that give rise to Ha's constitutional claims, and those

21  allegations didn't arrive in Manbeck's inbox until sometime around March 12, 2013, just a

22  week before the Appeals Council denied Ha's request for review, and well over a year after

23  the ALJ denied his claim for benefits.  It strains reason that allegations of misconduct in the

24  spring of 2013 have anything to do with the substantive denial of Ha's claim for benefits in

25  the winter of 2011.  The mere fact that the ALJ's denial of benefits didn't become final until

26  after Manbeck was accused of misconduct doesn't change the analysis; it doesn't mean that

27  the allegations of misconduct can reasonably be attributed or connected to the denial of

28  benefits in December, 2011.  Ha devotes a substantial portion of his opposition brief to

13-cv-1211-LAB-KSC

1   correcting the R&R on this sequencing matter, when in fact very little turns on it.

2        At best, Ha can allege that the SSA's investigation of Manbeck frustrated her more

3   recent work on his behalf, even though she was still able to file a request for review with the

4   Appeals Council as well as this case, *and* even though Ha alleges no misconduct on the

5   SSA's part apart from the March 12, 2013 accusing Manbeck of misconduct.  This latter

6   point leads the Court to question Ha's statements in his objections to the R&R that "the

7   challenged conduct occurred **well before** the Commissioner entered the final decision at

8   issue" and that "the Seventh and Eighth causes of action challenge government conduct that

9   occurred within a period of a year and a half **before the final decision**, such conduct having

10  taken place in spite of plaintiff's objections."  (Obj. at 3, 4.)  As the Court reads Ha's

11  complaint, the purported misconduct on the SSA's part related to Manbeck really begins with

12  the March, 2013 letter alleging professional misconduct.  "However, in March 2013, the SSA

13  waged a campaign of harassment against plaintiff's attorney Alexandra Manbeck to prevent

14  plaintiff from appealing and impersonated plaintiff."  (Compl. ¶ 11.)  Even in Ha's proposed

15  amended complaint, his seventh and eighth claims allege that he was obstructed from filing

16  *this* action by the SSA's accusations of professional misconduct against Manbeck, not that

17  those accusations had anything to do with the denial of benefits in the first instance.  (FAC

18  ¶¶ 32–35.)   It's clear, then, that Ha's constitutional claims don't really pertain to the

19  substantive denial of his benefits in December, 2011 by the ALJ, but rather to his ability to

20  challenge that denial before the Appeals Council and before this Court.  As Ha states in his

21  objection, his constitutional claims challenge "the final outcome of a hearing under Section

22  405(g), in this case the affirmation of denial of benefits after a hearing."  (Obj. at 6.)

23        The Court agrees with the R&R that the accusations of professional misconduct

24  against Manbeck are peripheral to the Commissioner's final decision that Ha is challenging

25  under § 405(g), and that the Court therefore lacks jurisdiction to consider a constitutional

26  claim that arises out of those accusations.  The cases Ha cites in his objection to the R&R

27  aren't on point.  In *Bowen v. City of New York*, for example, a putative class "challeng[ed]

28  an internal policy of the Secretary of Health and Human Services that had the effect of

1    denying benefits to numerous claimants who may have been entitled to them."  476 U.S.

2    467, 469 (1986).  In this case, by contrast, Ha doesn't allege that the accusations of

3    misconduct against Manbeck had the effect of denying him benefits, but rather that they had

4    the effect of discouraging him from challenging that denial in this Court.  Likewise, in *Small*

5    *v. Sullivan*, another case on which Ha relies, the plaintiffs sought a declaratory judgment that

6    the very ALJ who denied their claims for benefits was biased generally and deprived then

7    of a fair hearing before an impartial judge.  820 F.Supp. 1098, 1103 (S.D. Ill. 1992).  Again,

8    the connection in that case between the constitutional claim and the actual denial of benefits

9    is plain; in this case it is not.  The Court therefore agrees with the R&R's conclusion that

10   "[b]ecause Claims Seven and Eight are based upon conduct that allegedly occurred (or will

11   occur) after the final decision at issue in this appeal, the Court does not have jurisdiction to

12   consider them as part of this Social Security Appeal."  (R&R at 8.)  Ha's objection is

13   **OVERRULED**.

14        **B.     Presentment**

15        Related to its conclusion that the Court lacks jurisdiction to consider Ha's

16   constitutional claims because they don't relate to the substantive denial of benefits, the R&R

17   also concludes that "it does not appear that the allegations set forth in Claims Seven and

18   Eight were presented to the Commissioner so there is no final decision to appeal."  (R&R at

19   8.)  Indeed, § 405(g) limits the Court's jurisdiction to reviewing the final decision of the

20   Commissioner, and final decision requires presentment of the claim to the Commissioner

21   and complete exhaustion of administrative remedies.  *See Harris v. Colvin*, 2014 WL

22   1095941 at *1 (C.D. Cal. Mar. 17, 2014).

23        Ha claims "there is probative evidence that the Commissioner had been 'presented'

24   with the allegations and that the Court has jurisdiction."  (Obj. at 6.)  The Court sees no such

25   evidence.  The supplement to his request for review that Ha filed with the Appeals Council

26   in July, 2012 says nothing of the investigation into Manbeck's business practices. (Obj., Exh.

27   R-1.)  Likewise, the Appeals Council's March 19, 2013 denial of Ha's request for review

28   sticks to his arguments and evidence for establishing his disability.  There is nothing in it that

1    relates to the Office of the General Counsel's investigation of Manbeck, and therefore no

2    indication that the claim was ever presented. Ha's objection that his constitutional claims

3    were in fact presented to the Commissioner is **OVERRULED**.

4         **C.**      **Standing**

5         Even if the Court were to look past the jurisdictional and presentment problems with

6    Ha's constitutional claims, the R&R identifies yet a third: Ha lacks standing.  Standing

7    requires three things: "(1) a concrete and particularized injury that is 'actual or imminent, not

8    conjectural or hypothetical'; (2) a causal connection between the injury and the defendant's

9    challenged conduct; and (3) a likelihood that a favorable decision will redress that injury."

10   *Pyramid Lake Paiute Tribe of Indians v. Nevada Dep't of Wildlife*, 724 F.3d 1181, 1187 (9th

11   Cir. 2013) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)).

12        Here, as the R&R explains, it's not clear how Ha can claim an injury in being

13   prevented from filing this action when he has actually filed it.  Nor is it clear how he can claim

14   an injury in attorney-client relations when all the SSA's Office of General Counsel has done

15   is question Manbeck's business practices and, after this case was filed, notify Manbeck of

16   an intent to sanction her.  (*See* Compl. ¶¶ 31, 32; FAC ¶¶ 32–35.)  In neither instance is

17   there the kind of concrete, non-hypothetical injury that standing requires. Ha's only response

18   to this is that "[c]ourts which have considered claims of deprivation of legal representation

19   by non-English speaking complainants have found that the requisite elements of Article III

20   constitutional and prudential standing have been met." (Obj. at 9.)  That may be true as a

21   general matter, but it doesn't mean that in this case Ha has alleged a concrete injury on the

22   mere basis that the SSA's Office of General Counsel has been investigating his lawyer for

23   professional misconduct and intends to sanction her.  As both the R&R and the

24   Commissioner's response to Ha's objection make clear, whatever the SSA's General

25   Counsel may decide with respect to Manbeck's representation of claimants before the SSA,

26   it has no bearing on her ability to represent Ha, or any other client, in federal court.

27        The Court finds that the first element of standing—a concrete injury—isn't satisfied

28   with respect to Ha's constitutional claims, and his objection to the R&R on this point is

1  therefore **OVERRULED**.

2        **D.**    **Duplicative Case**

3       The R&R offers one final reason to dismiss Ha's constitutional claims, which is that

4  they're already being asserted in a class action currently pending in this Court, *Truyen Gia*

5  *Phan v. Colvin*, Case No. 13-CV-2036.  Indeed they are.  To determine whether one lawsuit

6  is duplicative of another, courts in the Ninth Circuit apply the test for claim preclusion, which

7  examines "whether the causes of action and relief sought, as well as the parties . . . are the

8  same."  *See Muench Photography, Inc. v. Pearson Educ., Inc.*, 2013 WL 6172953 at *3

9  (N.D. Cal. Nov. 25, 2013) (quoting *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684,

10  688–89 (9th Cir. 2007)).

11       The complaint in the *Phan* case alleges that the SSA's administrative proceedings

12  against Manbeck are trumped up and retaliatory, and that  her clients "are being deprived

13  of their First Amendment right to communicate with their lawyer, to participate in the

14  administrative proceedings and to have access to the courts."  (Case No. 13-CV-2036,

15  Compl. ¶ 5.)  It alleges that suspending Manbeck from practicing before the SSA would

16  amount to "depriving the plaintiffs of their First Amendment right of association, their First

17  Amendment right to receive legal information and to legal representation, and of their Fifth

18  Amendment right to Due Process."  (Case No. 13-CV-2036, Compl. ¶ 4.)  It seeks "a

19  declaration that the suspension provision is unconstitutional on its face and as applied to

20  exclude plaintiffs' attorney from representing plaintiffs" as well as "a preliminary and

21  permanent injunction preventing the government from relying on the suspension provision

22  to violate plaintiffs' right of association, and to deprive plaintiffs of legal representation and

23  of access to the courts."  (Case No. 13-CV-2036, Compl. ¶ 6.)  There is no doubt that Ha's

24  constitutional claims in this case are duplicative of the claims asserted in *Phan*.  Ha appears

25  to not even contest this point.

26

27

28

                13-cv-1211-LAB-KSC

1    *Phan* was dismissed for not being ripe, however, and is now on appeal.[1]  Ha argues

2    that this changes the analysis, because if he's not allowed to assert his constitutional claims

3    now he'll be prevented from asserting them in the future under principles of res judicata.  Ha

4    argues, "By asking this Court to dismiss the plaintiff's Seventh and Eighth Causes of Action,

5    the defendant is setting up an insurmountable procedural hoop for plaintiff to jump through,

6    insofar as plaintiff will be precluded under the principle of *res judicata* to bring up his

7    constitutional claims at a later in a subsequent lawsuit."  (Obj. at 7.)

8         By Ha's own authorities this argument is flawed.  Ha cites the explanation in *Stewart*

9    *v. U.S. Bancorp*, for example, that res judicata "prohibits lawsuits on 'any claims that were

10   raised *or could have been raised*' in a prior action."  297 F.3d 953, 956 (9th Cir. 2002)

11   (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001)).  But

12   the Court has already determined that Ha *cannot* raise his constitutional claims in this

13   case—they don't relate to his denial of benefits; he lacks standing; and they weren't

14   presented to the Commissioner—and so his concerns about res judicata are illusory.  Ha

15   also cites *Western Radio Servs. Co., Inc. v. Glickman* for the proposition that "for res judicata

16   to apply there must be: (1) an identity of claims, (2) a final judgment on the merits, and (3)

17   identity or privity between parties."  123 F.3d 1189, 1192 (9th Cir. 1997).  But there's been

18   no final judgment on Ha's constitutional claims, anywhere.  Judge Hayes ruled that they

19   aren't yet ripe for judicial review, and for the reasons given above this Court has declined to

20   consider them.  So, while the R&R conclusion that this case is duplicative of *Phan* carries

21   less weight now that *Phan* has been dismissed, Ha's rebuttal that he now faces a res

22   judicata wall comes up very short.

23   **IV.    Conclusion**

24        This case is about the denial of social security benefits to Ha by an ALJ.  Ha will get

25   a fair hearing from the Court on whether that denial was justified.  At the same time, Ha is

26   trying to use this case—or his counsel is trying to use this case—to fight accusations that his

27   _____

28   [1] Judge Hayes's opinion dismissing *Phan* because it isn't ripe for judicial review supports the Court's finding above that Ha hasn't suffered a constitutional injury giving rise to standing to bring the claims at issue.

1  counsel is in breach of various rules of professional conduct set by the SSA with

2  constitutional claims.  Those accusations post-date the denial of benefits and for all intents

3  and purposes have nothing to do with that denial.  Moreover, Ha has failed to allege an injury

4  that gives rise to standing, and the constitutional claims were never presented to the

5  Commissioner for a final decision.  One Judge of this Court has already ruled that the

6  constitutional claims aren't ripe for judicial review, and for similar reasons this Court agrees

7  with the R&R's conclusion that it would be improper to consider them here.  The Court

8  therefore **ADOPTS** the R&R in its entirety, and Ha's objections to the R&R are

9  **OVERRULED**.  Claim seven is **DISMISSED**, leave to amend to add an eighth claim is

10 **DENIED**, and the motion to strike paragraphs 9–12 of the complaint is **DENIED** while the

11 motion to strike Ha's request for injunctive and declaratory relief is **GRANTED**.

12

13

14        **IT IS SO ORDERED**.

15 DATED:  June 30, 2014

16

17        **HONORABLE LARRY ALAN BURNS**
   United States District Judge

18

19

20

21

22

23

24

25

26

27

28