1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11   THO VAN HA,                                         CASE NO. 13cv1211-LAB (BLM)

12                                    Plaintiff,    **ORDER ADOPTING REPORT AND
                                                    RECOMMENDATION DENYING**
13            vs.                                   **PLAINTIFF'S MOTION FOR SUMMARY
                                                    JUDGMENT AND GRANTING**
14   CAROLYN W. COLVIN, Acting                      **DEFENDANT'S CROSS-MOTION FOR
     Commissioner of Social Security,**             **SUMMARY JUDGMENT**

15                                    Defendant.

16

17          Tho Van Ha, an applicant for Supplemental Security Income benefits, seeks review

18   of an unfavorable decision by the Commissioner of Social Security.  This matter was referred

19   to Magistrate Judge Major for a Report and Recommendation (R&R).  The parties filed cross

20   motions for summary judgment, and Judge Major issued an R&R recommending that Ha's

21   motion for summary judgment be denied and that the Commissioner's cross-motion for

22   summary judgment be granted.  (Docket no. 40.)  Ha objects to the R&R.  (Docket no. 42.)

23   **I.      Background**

24          The background facts are well known to the parties so the Court doesn't repeat them

25   in full here.  Ha alleges that he endures recurrent pain, including pain on the left side of his

26   face, rendering him eligible for Social Security Income benefits.  (*See* Docket no 1 at ¶ 4);

27   (AR 30.)  In May 2009, Ha underwent surgery to correct trigeminal neuralgia—a chronic pain

28   that causes extreme, sporadic, face pain.  (AR 30.)  The record suggests that the surgery

1   was successful, leaving Ha "pain free with respect to trigeminal neuralgia." (AR 241.) While

2   Ha complained of some pain after the surgery, the record indicates that medication and

3   physical therapy combated it effectively. (AR 239-40, 290-92, 403.)

4   **A.   Dr. Janese's Testimony**

5   Dr. Janese testified that he would diagnose Ha with "atypical left-sided facial pain,"

6   but not trigeminal neuralgia. (AR 37-40.) He concluded Ha's trigeminal neuralgia "was

7   treated successfully" because Ha no longer had any of the condition's symptoms. (AR

8   37-40.) Dr. Janese described Ha's problems as "subjective." (AR 37-39.) He concluded that

9   Ha didn't satisfy any listed impairments for neurological disorder (AR 38) and found no basis

10  for a residual functional capacity limitation. (AR 39.) He explained "I'm not sure what the

11  basis would be for me to give him some type of residual functional capacity, but with his size

12  and he's a male, 50, I would say probably medium." (*Id.*) Ha's attorney asked Dr. Janese

13  if the records supported a possible occipital neuralgia—a form of intense headache. (AR 40.)

14  Dr. Janese dismissed this suggestion, explaining "that would be different . . . ." (*Id.*) He then

15  defined occipital neuralgia and explained that it "should be debilitating." (*Id.*)

16  **B.   The ALJ's Decision and Evidence Submitted to the Appeals Council**

17  The ALJ determined Ha isn't disabled. (AR 15-21.) She noted that he had "a very

18  poor work record" before he allegedly became unable to work, and his "failure to work for

19  years when he could have done so reflects poorly on his motivation for gainful employment."

20  (AR 20.) She relied heavily on evidence that Ha's surgery was successful and medications

21  helped alleviate post-surgery pain. (AR 19-21.) After the ALJ issued her decision, Ha

22  submitted additional evidence to the Appeals Council. (AR 10-11.) But the Appeals Council

23  rejected it, finding the "information does not provide a basis for changing the [ALJ's]

24  decision." (AR 2.)

25  **II.   Request for Judicial Notice and Consideration of the Mitchell Declaration**

26  In support of his objections, Ha submits a declaration by attorney Mary Mitchell, which

27  was drafted in support of a different Social Security claimant—Tim Ta—and filed in a different

28  / / /

Social Security case—*Ta v. Colvin*, 14cv2487.  (Docket no. 41.)  In her declaration, Mitchell denounces the entire Social Security adjudicative process as biased.  She declares:

- She's a former Social Security Administration (SSA) attorney;

- "[T]he SSA has been searching numerous Vietnamese claimants, in effect terrifying the Vietnamese community due to the claimants' past persecution by the Communists";

- "[T]he ALJs[ engage in] ex parte discussions with medical expert witnesses at [the SSA's Office of Disability Adjudication and Review (ODAR)] prior to the administrative hearings, subvert[ing] justice and compromis[ing] the claimants' civil rights";

- "[I]t is well-known among the ALJs and the Social Security bar that Seagate [Medical Group] exists solely as a contractor paid by SSA to provide medical reports which are biased in favor of finding the claimants not disabled."; and

- "The adjudicative process at ODAR is thus totally corrupted by the ALJs' conduct. . . .  Thus combined with biased Seagate reports, the tailored testimonies of SSA medical expert witnesses at ODAR hearings tip the scales in favor of a finding of non-disability against claimants. . . ."

(Docket no. 41-1 at ¶¶ 1-3, 8.)

## A.   Consideration of the Mitchell Declaration

Ha seeks judicial notice of Mitchell's declaration, and argues that the Court should consider it even though it wasn't submitted to the SSA.  "Social Security claimants usually have one opportunity to prove their disability.  If this were not the case, the administrative proceedings would become an unending merry-go-round."  *Coulbourn v. Astrue*, 2008 WL 2413169, at *8 (E.D. Cal. June 12, 2008) (internal quotation marks omitted).  But, the district court may remand a case for the SSA to consider new evidence if it's *material* and if *good cause* exists for its absence from the prior record.  42 U.S.C. § 405(g).

## B.   Good Cause

To establish good cause, Ha must show that the new evidence was previously unavailable.  *Key v. Heckler*, 754 F.2d 1545, 1551 (9th Cir. 1985).  Ha argues there's good cause because the new evidence only recently became available.  He apparently contends it's new because Mitchell's declaration is dated April 8, 2015.  But, he doesn't reveal when Mitchell left the employment of the SSA, when she became aware of her "new" information / / /

1    about the SSA, or when she informed Ha of it.  Thus, Ha hasn't shown that the information

2    in Mitchell's declaration only recently became available.  He hasn't established good cause.

3         **C.    Materiality**

4         To establish materiality, Ha must show that the evidence bears "directly and

5    substantially on the matter in dispute" and that there's a reasonable possibility that the new

6    evidence would have changed the outcome of the administrative hearing.  *Mayes v.*

7    *Massanari*, 276 F.3d 453, 462 (9th Cir. 2001).  At most, Mitchell's declaration indicates that

8    one Social Security claimants' attorney thinks that other unnamed Social Security attorneys

9    consider Seagate biased.  The evidence has very little evidentiary value, doesn't bear

10   "substantially on the matter in dispute," and doesn't present a reasonable possibility that it

11   would change the ALJ's determination.  Thus, Ha hasn't established materiality.

12        **D.    Judicial Notice**

13        Ha also hasn't shown that the facts alleged in Mitchell's declaration are a proper

14   subject for judicial notice.  *Hurd v. Garcia*, 454 F. Supp. 2d 1032, 1055 (S.D. Cal. 2006)

15   (holding that the party requesting judicial notice bears the burden to establish it's proper).

16   To be judicially noticeable, facts must be "(1) generally known within the territorial jurisdiction

17   of the trial court or (2) capable of accurate and ready determination by resort to sources

18   whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201. Mitchell's declaration

19   includes her opinions, and the government disputes them.  (Docket no. 43 at 3.)  Mitchell's

20   opinions aren't "generally known" or "capable of accurate and ready determination."  Thus,

21   Ha hasn't shown that they're judicially noticeable.

22   **III.    Discussion**

23        **A.    Legal Standard**

24        A district court has jurisdiction to review a magistrate judge's R&R on dispositive

25   matters.  Fed. R. Civ. P. 72(b).  "The district judge must determine de novo any part of the

26   magistrate judge's disposition that has been properly objected to."  *Id.*  "A judge of the court

27   may accept, reject, or modify, in whole or in part, the findings or recommendations made by

28   the magistrate judge."  28 U.S.C. § 636(b)(1).  The court reviews de novo those portions of

the R&R to which specific written objection is made.  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Although review of an R&R is de novo, the Court must defer to the ALJ's factual findings and may set aside the Commissioner's denial of benefits only if the ALJ's findings are based on legal error or not supported by substantial evidence in the record.  42 U.S.C. § 405(g); *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005).

**B.    Ha's Objections**

In his objection, Ha argues: (1) the R&R relied on erroneous findings by Seagate, which is biased against Social Security claimants; (2) evidence of occipital neuralgia undermines the R&R's finding of non-severe impairment; (3) the R&R improperly discounted Dr. Janese's testimony regarding severe impairment; (4) the R&R improperly found no good cause for submitting post-hearing evidence to the Appeals Council; and (5) the R&R didn't set aside the ALJ's improper reliance on lack of work history.

**1.    Seagate's Involvement**

Based on Mitchell's declaration, Ha argues that Seagate's involvement has tainted the evaluation of his claim.  (Docket no. 42 at 1-5, 9-10.)  Ha contends Dr. Sabourin's report is unreliable because he works for Seagate, and that the conclusions of Drs. Jacobs, Haaland, and Janese are unreliable because they reviewed Dr. Sabourin's report.  (*Id.*); (AR 37-40, 295, 298, 303, 312.)  This objection fails for two reasons.  First, Mitchell's declaration is the only evidence Ha offers regarding Seagate's alleged bias, and it's inadmissible.  Second, Ha's hasn't shown that Seagate's alleged bias affected Dr. Sabourin's opinion in *this* case, much less the opinions of the other non-Seagate physicians that the ALJ relied on.  *See, e.g., Alzayadie v. Astrue*, 2010 WL 3169592, at *16 (S.D. Cal. July 26, 2010) (rejecting the argument that Seagate had "been discredited in the past by numerous claimants and their attorneys" and finding no evidence that Seagate should be discredited in that case).  Thus, Ha's objection to Seagate's involvement is overruled.

**2.    Evidence of Occipital Neuralgia**

Drs. Pham, Khamishon, and Alksne diagnosed Ha with occipital neuralgia (AR 340, 403, 420), and Dr. Janese testified that the condition "should be debilitating," (AR 40.)  Thus,

1   Ha argues, the combination of this evidence establishes debilitating occipital neuralgia, and

2   the ALJ erred by finding otherwise.  (Docket no. 42 at 5-6.)

3        While the ALJ could have found a severe impairment based on this combination of

4   evidence, she wasn't required to do so in light of the other evidence in the record. *See*

5   *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982) (noting it's the ALJ's role to resolve

6   conflicting medical reports and opinions); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir.

7   1989) (noting it's the ALJ's responsibility to resolve conflicts or ambiguities in the evidence).

8   Drs. Pham, Khamishon, Alksne, and Janese didn't find Ha's impairments severe.  And, as

9   the ALJ notes, evidence in the record undermines Ha's argument that it is.  Dr. Pham asked

10  Ha to return only on an as needed basis, "suggesting no need for regular and continuing

11  treatment of any medical problem."  (Docket no. 40 at 4); (AR 19.)  The record indicates that

12  Ha's surgery was successful, and medication and physical therapy were effective.  (AR

13  239-40, 290-92, 403); *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir.

14  2006) ("Impairments that can be controlled effectively with medication are not disabling for

15  the purpose of determining eligibility for SSI benefits.").  Dr. Janese's testimony dismissed

16  Ha's alleged injury as "subjective."  (AR 38.)  The ALJ didn't commit error in resolving the

17  conflicts and ambiguities in the evidence against Ha.  This objection is overruled.

18              **3.    Dr. Janese's Testimony Regarding Severe Impairment**

19       Ha contends that Dr. Janese found he has a "severe impairment resulting in a residual

20  functional capacity of medium."  (Docket no. 42 at 6-7.)  His argument appears to be that,

21  since Dr. Janese discussed residual functional capacity, residual functional capacity is

22  considered after the third step of the five-step Social Security disability evaluation, and

23  there's no reason to pass the second step if the claimant isn't severely impaired, Dr. Janese

24  necessarily concluded Ha was severely impaired.  20 C.F.R. § 404.1520(a)(4).  The full

25  context of Dr. Janese's testimony refutes Ha's argument.  Dr. Janese prefaced his remarks

26  by explaining he was "not sure what the basis would be" for a residual functional capacity,

27  he described Ha's problems as "subjective," and his testimony suggests he was explaining

28  that a male of Ha's age and size could probably perform medium exertion work.  (AR 38-39.)

1    As the R&R correctly explained, Dr. Janese's testimony regarding residual functional

2    capacity and occipital neuralgia doesn't contradict the ALJ's conclusions. (Docket no. 40 at

3    27-28.) Thus, the Court overrules this objection.

4    **4.    Post Hearing Evidence Submitted to the Appeals Council**

5    Ha contends the Appeals Council should have accepted his post-hearing evidence,

6    and objects to the R&R's conclusion that there was no good cause for his failure to submit

7    it sooner. (Docket no. 42 at 7.) He argues that his former attorney's ineffective assistance

8    establishes good cause. (*Id.*) "However, ineffective assistance of counsel does not satisfy

9    the requirement of 'good cause.'" *Leitz v. Astrue*, 2012 WL 1340495, at *16 (E.D. Mich. Mar.

10   21, 2012). And even if it did, good cause alone isn't enough—new evidence must also be

11   material. *Fryer v. Astrue*, 2011 WL 717284, at *2 (C.D. Cal. Feb. 18, 2011). The Court

12   agrees with the R&R's conclusion that the new evidence isn't material. Thus, the Court

13   overrules Ha's objection regarding post-hearing evidence.

14   **5.    ALJ's Reliance on Ha's Work History**

15   Ha contends the ALJ erred in drawing negative inferences from his work history, and

16   objects to the R&R's conclusion that there's no error. (Docket no. 42 at 8-9.) But, poor work

17   history is a relevant consideration in determining the credibility of Social Security claimants.

18   *See Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). And the record supports the

19   ALJ's conclusion that Ha's work history is poor. Indeed, Ha admitted he stopped working in

20   1993 even though his health didn't prevent him from working until 2002. (AR 175.) Thus,

21   the ALJ didn't err in considering Ha's work history. This objection to the R&R is overruled.

22   **IV.    Conclusion**

23   The Court **ADOPTS** the R&R. Ha's motion for summary judgment is **DENIED** and the

24   Commissioner's cross-motion for summary judgment is **GRANTED**.

25   **IT IS SO ORDERED**.

26   DATED: August 14, 2015

27

28   **HONORABLE LARRY ALAN BURNS**
     United States District Judge

13cv1211