# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THO VAN HA,<br><br>                       Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                       Defendant. | CASE NO. 13cv1211-LAB (BLM)<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT [Dkt. 86]** |

Plaintiff Tho Van Ha, the prevailing party in this Social Security Act appeal, moves for an award of attorney's fees and other expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. In all, Mr. Ha seeks $600 in costs and $72,666.92 in attorney's fees, which represents over 296 hours of work by his counsel, Alexandra Tran Manbeck. For the reasons below, the Court finds that Plaintiff is entitled to a total award of $50,710.82 under the EAJA.

The EAJA "authorizes federal courts to award attorney's fees, court costs, and other expenses when a party prevails against the United States, . . . 'unless the court finds that the position of the United States was substantially justified.'" *Hardisty v. Astrue*, 592 F.3d 1072, 1076 (9th Cir. 2010) (quoting 28 U.S.C. § 2412). The Commissioner doesn't present a substantial justification defense here, so the question largely turns on whether Mr. Ha's claimed amount for attorney's fees and costs—roughly $73,000—is reasonable. The Court concludes that Plaintiff is entitled to a portion of the claimed fees, but that the amount should be reduced.

Plaintiff's counsel, Ms. Manbeck, has engaged in dilatory behavior throughout this case. For example, despite the fact that Plaintiff was awarded benefits from a separate ALJ in April 2014, Ms. Manbeck—who also represented Plaintiff in that action—declined to inform the Court (or the Commissioner) of this fact until the case was appealed to the Ninth Circuit fifteen months later. That the Commissioner "should have been aware" of the other ALJ decision does not excuse Plaintiff's failure to inform the relevant parties when it was clear they were unaware. This led to months of needless litigation and eventually resulted in remand. Then, on remand, Ms. Manbeck moved for an award of EAJA fees despite being aware that such fees were not available for so-called "Sentence Six remands." *See* Order Denying Motion for Fees, Dkt. 56. This again required protracted briefing and needlessly wasted the time of the Court and the parties. The Court cannot condone this behavior by awarding Plaintiff the full amount of fees claimed.

Plaintiff's claimed fees are excessive in light of this course of conduct. Much of the work done in this case—and which Plaintiff now seeks compensation for—was necessary only because of his counsel's actions. At least 40.5 of the claimed hours in 2013 and 2014, for example, were spent responding to the Commissioner's motion to dismiss, a motion the Court ultimately granted. The Court does not see fit to award attorney's fees for these hours. Nor will the Court credit the 36.35 hours[1] Ms. Manbeck spent in 2016 resisting remand in the Ninth Circuit and filing a borderline-frivolous EAJA application. Finally, the Court agrees with the Commissioner that the 29.75 hours claimed for preparing the current EAJA application is excessive; the Court will allot 14 hours for this instead.

That said, the Court agrees that Ms. Manbeck is entitled to a $50 per hour enhancement for her fluency in Vietnamese and specialization in refugee social security cases. A party is entitled to an enhanced EAJA rate if the relevant skill—here,

---

[1] There is a discrepancy in Ms. Manbeck's declaration between the total number of hours listed for 2016 (104.60) and the sum total of each itemized entry.

Vietnamese proficiency—was "necessary to the litigation in question" and "could not be obtained elsewhere at the statutory rate." *Pirus v. Bowen*, 869 F.2d 536, 541-42 (9th Cir. 1989). Mr. Ha is a Vietnamese refugee who does not speak English. In similar situations, this Court has previously recognized that an attorney's proficiency in Vietnamese, paired with an expertise in refugee issues, is the type of "necessary" and "specialized" skill that warrants a $50 per hour enhancement. *See, e.g., Nguyen v. Berryhill*, 10-cv-2349-LAB-MDD, Dkt. 15. The Court will therefore apply the enhanced EAJA rate to the hours it deems reasonable.

Plaintiff's Motion for Attorney's Fees, (Dkt. 86), is **GRANTED IN PART**. The Court concludes that Plaintiff is entitled to attorney's fees for the following hours: 9 hours in 2013 at the enhanced statutory rate of $237.02; 31.25 hours in 2014 at $240.06; 10.75 hours in 2015 at $240.28; 58 hours in 2016 at $242.68; 55 hours in 2018 at $251.60; and 39.25 hours in 2019 at $254.25. This amounts to $50,110.82 in attorney's fees. The Court will also award $600 in claimed costs, for total EAJA award of **$50,710.82**.

It is **ORDERED** that the Commissioner shall, within 90 days of this order, (1) determine whether this award is subject to offsets by the Treasury Department, (2) provide an accounting of any claimed offsets to Plaintiff's counsel; and (3) pay any non-offset portion of the award directly to the Law Office of Alexandra Manbeck.

**IT IS SO ORDERED**.

Dated: December 10, 2019

**HONORABLE LARRY ALAN BURNS**
Chief United States District Judge